```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
SCOTT SERIO d/b/a ECLIPSE SPORTSWIRE,                                :
                                                                     :
                            Plaintiff,                               :
                                                                     :         23-cv-438 (LJL)
            -v-                                                      :
                                                                     :     MEMORANDUM AND
SKIJOR, USA, INC.,                                                   :          ORDER
                                                                     :
                            Defendant.                               :
                                                                     :
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Scott Serio d/b/a Eclipse Sportswire ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against defendant Skijor, USA, Inc. ("Defendant"). Dkt. No. 18. For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

These facts are drawn from Plaintiff's complaint and are accepted as true for purposes of this motion.

Plaintiff is a sports photographer who specializes in horse racing. Dkt. No. 1 ¶ 7. He has photographed every major thoroughbred horse race in the United States since January 2009 and his images have appeared in major outlets such as Sports Illustrated and CBS Sports. *Id.*

During one race, Plaintiff photographed the well-known horse Justified mid-gallop, hovering over the dirt of the racecourse (the "Photograph"). Dkt. No. 1-1; Dkt. No. 1 ¶ 9. Plaintiff registered the Photograph with the United States Copyright Office. Dkt. No. 1-2; Dkt. No. 1 ¶ 11. He remains the owner and sole licensee of the copyright in the Photograph. Dkt. No. 1 ¶ 10.

Defendant is a New York corporation headquartered in Manhattan that operates the website www.skijorusa.com. *Id.* ¶¶ 3, 12–13. Defendant found the Photograph online and uploaded it to www.skijorusa.com without Plaintiff's authorization. *Id.* ¶¶ 13, 15. Defendant's website prominently displayed the Photograph. Dkt. No. 1-3. Plaintiff discovered Defendant's unauthorized use of his Photograph in March of 2022. Dkt. No. 1 ¶ 12.

## PROCEDURAL HISTORY

Plaintiff filed this suit against Defendant on January 18, 2023. *Id.* Although Plaintiff served Defendant on April 6, 2023 by delivering the summons and complaint to the New York Secretary of State, Dkt. No. 11, Defendant has not answered the complaint. The Court held an initial pretrial conference on May 17, 2023, but Defendant failed to appear. On May 26, 2023, the Clerk of Court issued a certificate of default as to Defendant. Dkt. No. 17. Plaintiff filed the instant motion for a default judgment and an accompanying declaration on June 16, 2023. Dkt. Nos. 18–19. Plaintiff served the motion and declaration on Defendant by both mail and email that day. Dkt. No. 18 at 2; Dkt. No. 19 at 8. The Court held a default judgment hearing on July 26, 2023. Once again, Defendant did not attend. The Court heard from Plaintiff regarding his motion for default judgment and took the motion under advisement.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of

liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, the Court is "required to determine whether the plaintiff's allegations are sufficient to establish the defendant's liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Federal Rule of Civil Procedure 55(c), which "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454–55 (2d Cir. 2013).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiff "must therefore substantiate [her] claim for damages with evidence to

prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Id.*

## DISCUSSION

### I. Jurisdiction

The Court begins by assuring itself of its jurisdiction. *See Select Harvest USA LLC v. Indian Overseas Bank*, 2023 WL 2664079, at *7 (S.D.N.Y. Mar. 28, 2023); *Mockingbird 38, LLC v. Int'l Bus. Times, Inc.*, 2022 WL 154137, at *3 (S.D.N.Y. Jan. 18, 2022). Plaintiff's claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, so the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court also has personal jurisdiction over the Defendant as "a business corporation incorporated under the laws of the State of New York, with its principal place of business in New York." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Bldg. Maint. Corp.*, 2020 WL 1529455, at *1 (S.D.N.Y. Mar. 31, 2020).

### II. Liability

Plaintiff's well-pleaded allegations are sufficient to establish Defendant's liability for copyright infringement under 17 U.S.C. § 501. "In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted

4

work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (quoting *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003)). "A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright." *Jorgensen*, 351 F.3d at 51; *see* 17 U.S.C. § 410(c). While "that presumption of ownership may be rebutted[, t]he party challenging the validity of the copyright has the burden to prove the contrary." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999). Here, Plaintiff submitted a certificate of registration for the Photograph. Dkt. No. 1-1. And as "there has been no challenge to the validity of the copyright," Plaintiff has met the first element of copyright infringement. *Yague v. Visionaire Publ'g LLC*, 2021 WL 4894676, at *1 (S.D.N.Y. Sept. 14, 2021); *see also McGraw Hill LLC v. Doe 1*, 2022 WL 2979721, at *3 (S.D.N.Y. July 26, 2022).

Plaintiff similarly satisfies the second element. His complaint provides an image of the Photograph, Dkt. No. 1-1, and a screenshot of the image on Defendant's website, Dkt. No. 1-3. "The images are identical." *Mockingbird 38*, 2022 WL 154137, at *3; *see Verch v. Blockchain Techs. Corp.*, 2021 WL 1198784, at *1 (S.D.N.Y. Mar. 30, 2021) (same).

Thus, the Court grants default judgment in Plaintiff's favor on his copyright infringement claim against the Defendant.

**III.   Damages**

The Copyright Act permits a plaintiff who has been injured by infringement to recover actual or statutory damages, but the plaintiff "may elect to recover statutory damages instead of actual damages." *McGraw Hill LLC*, 2022 WL 2979721, at *4; *see* 17 U.S.C. § 504(c)(1). Plaintiff does so here by "seek[ing] statutory damages pursuant to 17 U.S.C. § 504(c)" and forgoing "other forms of available monetary remedies . . . , such as actual damages pursuant to 17 U.S.C. § 504(c) or attorneys' fees and costs pursuant to 17 U.S.C. § 505." Dkt. No. 19 at 3.

"Under 17 U.S.C. § 412, a plaintiff may not recover statutory damages . . . for any infringement 'commenced' before the effective date of a copyright's registration." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007); *see Shihab v. Complex Media, Inc.*, 2022 WL 3544149, at *6 (S.D.N.Y. Aug. 17, 2022). However, § 412 does not preclude statutory damages here. Plaintiff's registration of copyright in the Photograph became effective on July 2, 2018. Dkt. No. 1-3 at 1. Defendant's infringement, by contrast, occurred in 2022. *See* Dkt. No. 1-3. Thus, Plaintiff can recover statutory damages under § 504(c).

Statutory damages for copyright infringement range from "$750 to $30,000 for unintentional infringement and up to $150,000 for willful infringement." *Strike 3 Holdings, LLC v. Doe*, 2021 WL 4896862, at *3 (E.D.N.Y. Sept. 20, 2021) (citing 17 U.S.C. § 504(c)(1)–(2)), *report and recommendation adopted*, 2021 WL 4894161 (E.D.N.Y. Oct. 20, 2021). "District courts enjoy wide discretion in setting statutory damages." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010)). Plaintiff urges the Court to award $30,000 in statutory damages for Defendant's "willful copyright infringement." Dkt. No. 19 at 4. "That amount is the upper end of statutory damages for non-willful infringement but only one fifth the maximum award for willful infringement." *Stokes v. MilkChocolateNYC LLC*, 2023 WL 4447073, at *8 (S.D.N.Y. July 11, 2023).

To determine an appropriate statutory damages award, the Court must consider six factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

6

*Bryant*, 603 F.3d at 144. Additionally, the Court is "guided by the calculations of other courts in this Circuit" to ensure Plaintiff receives a fair and just recovery.[1] *Tabak v. Lifedaily, LLC*, 2021 WL 5235203, at *5 (S.D.N.Y. Nov. 9, 2021).

As to the first element, "Plaintiff has not put forth any evidence to show that Defendant's conduct was willful." *Verch*, 2021 WL 1198784, at *2. Infringement is willful when "the defendant was actually aware of the infringing activity, or . . . the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Comput. Servs., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005). The defendant's knowledge "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). While Plaintiff's complaint contains conclusory assertions that Defendant's actions were willful, Dkt. No. 1 ¶¶ 1, 16, 22, the well-pleaded allegations are bereft of indicia of willfulness, *cf. Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *7 (E.D.N.Y. Jan. 3, 2019) (concluding infringement was willful when the original source of an image specifically attributed it to plaintiff, the defendant ignored plaintiff's repeated requests to remove the image from its website, and the image remained on defendant's website throughout the litigation), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Defendant's website displayed an identical copy of the Photograph,[2] but Plaintiff's copyright is not apparent

---

[1] In addition to the six factors outlined in *Bryant*, some courts within this Circuit have also considered "the length of the infringement" in determining an appropriate statutory damages award. *Broad. Music, Inc. v. L-Bar, LLC*, 2019 WL 13272515, at *6 (D. Conn. Aug. 7, 2019). Defendant's "default, however, makes it impossible to determine the extent of infringement with any specificity." *Software Freedom Conservancy, Inc. v. Best Buy Co.*, 2010 WL 2985320, at *3 n.39 (S.D.N.Y. July 27, 2010).

[2] In other contexts, such as counterfeiting, the use of an identical copy can establish willfulness. *See McGraw Hill*, 2022 WL 2979721, at *5.

from the image itself. *Cf. Stokes*, 2023 WL 4447073, at *6 (finding willfulness where the "posting of the Photograph cropped out the portion of the Photograph bearing [plaintiff's] watermark and business logo"). Nor has Plaintiff alleged that Defendant copied the image from a source that disclosed Plaintiff's interest in the Photograph. *See* Dkt. No. 1 ¶ 13 ("Defendant located the Copyrighted Work on the internet and . . . downloaded the Copyrighted Work."). Finally, Defendant's default in this action is insufficient to show willfulness, as "the mere fact of a default should not increase the quantum of statutory damages." *Kelly Toys Holdings, LLC v. Airpods Pro Store*, 2022 WL 2801077, at *7 (S.D.N.Y. July 18, 2022); *see also Verch*, 2021 WL 1198784, at *2.

      Plaintiff has also failed to put forward evidence relevant to the second and third factors. The motion for default judgment explains that Plaintiff "respectfully declines to submit evidence of actual losses in the form of lost licensing fees or Defendant's profits" in order to avoid "incur[ring] further costs." Dkt. No. 19 at 3–4. But "while a plaintiff has the right to elect not to provide evidence of actual damages, courts are free to consider the absence of such evidence in arriving at an award of statutory damages." *Green v. Akonik Label Grp. LLC*, 2022 WL 2817311, at *4 (S.D.N.Y. July 19, 2022); *cf. McGraw Hill*, 2022 WL 2979721, at *5 (explaining that, "[t]o the extent possible, statutory damages should be woven out of the same bolt of cloth as actual damages" (quoting *Spin Master*, 463 F. Supp. 3d at 371)).

      The fourth factor—the need to deter the infringer and third parties—weighs against a substantial statutory damages award here. Plaintiff avers that "[t]he need to deter infringement with awards of statutory damages is baked into the statute." Dkt. No. 19 at 5. But that argument proves too much: if the need to deter *any* infringement warranted a statutory damages award for tens of thousands of dollars, Congress would not have permitted awards as low as $750. Instead,

8

courts have concluded that the need for specific deterrence is particularly acute when the defendant is "a serial copyright infringer, or . . . continues to infringe copyrights in spite of repeated notices of infringement." *Parsons v. Bong Mines Ent. LLC*, 2021 WL 931506, at *9 (E.D.N.Y. Feb. 18, 2021), *report and recommendation adopted*, 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021); *see also Microsoft Corp. v. Comput. Care Ctr., Inc.*, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (explaining that "a potent deterrent is especially warranted" where defendant disregarded a prior anti-infringement injunction). Considerations of general deterrence likewise support a larger award when "[t]he presence of multiple actors indicates . . . a greater scale of infringement." *McGraw Hill LLC*, 2022 WL 2979721, at *5. Yet none of those aggravating factors is present here. To the contrary, the allegations in the complaint describe an isolated violation by a first-time infringer who acted alone. Accordingly, this factor favors a smaller award.

The Court lacks evidence on Defendant's cooperation for purposes of assessing the fifth factor. Because Defendant defaulted, it has not been either generous or contumacious in providing evidence concerning the value of the infringing material. *See Hirsch v. Sell It Soc., LLC*, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020) ("The fifth factor—Defendant's cooperation in providing evidence of the value of the infringing material—is not applicable upon default judgment."). And, as stated above, "the Court does not view [Defendant's default] as probative." *Verch*, 2021 WL 1198784, at *2. Absent evidence that Defendant "engaged in an effort to conceal the fact or scale of its wrongdoing or to mislead the plaintiff or the court about the existence or scale of [the infringement]," *Spin Master*, 463 F. Supp. 3d at 374, this factor is neutral.

The sixth factor suggests a smaller award is appropriate. "Plaintiff's failure to provide any evidence that might assist the Court in evaluating the appropriateness of the statutory award sought—such as the fee he received for licensing the photograph . . . or general information regarding fees he typically receives—weighs against a substantial award." *Farrington v. Fingerlakes1.com, Inc.*, 2020 WL 7350336, at *6 (W.D.N.Y. Dec. 15, 2020); *see Parsons*, 2021 WL 931506, at *10. "Indeed, the 'dearth of information that [P]laintiff has provided' has hampered the Court's ability to analyze these factors, as set forth above." *Bass v. Diversity Inc. Media*, 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020) (Nathan, J.) (quoting *Seelie v. Original Media Grp. LLC*, 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020)).

In sum, the aforementioned factors demonstrate that awarding the maximum statutory damages permitted for a non-willful violation would be improper here. Rather, "[i]n considering a single use copyright infringement case such as this one, courts in this Circuit have typically awarded statutory damages in an amount between $1,000 and $5,000." *Verch*, 2021 WL 1198784, at *2 (collecting cases); *see Tabak*, 2021 WL 5235203, at *5. Based on the *Bryant* factors, relevant case law, and Plaintiff's meager submissions, the Court concludes that "an award of $1,000 in statutory damages is appropriate under the circumstances of this case." *Green*, 2022 WL 2817311, at *4; *see also Verch v. Sea Breeze Syrups, Inc.*, 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020); *Farrington v. Sell It Soc., LLC*, 2020 WL 7629453, at *2 (S.D.N.Y. Dec. 21, 2020). While this award is significantly less than the amount Plaintiff requests, it is the amount "the court considers just" on the record Plaintiff has provided. 17 U.S.C. § 504(c)(1).

## IV. Injunctive Relief

Finally, Plaintiff seeks a permanent injunction forbidding Defendant "and its respective agents, servants, employees, and representatives and all persons in active concert and

participation with them" from infringing on Plaintiff's intellectual property rights. Dkt. No. 19-1 2–3.

The Copyright Act permits a court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To secure a permanent injunction, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). "Courts routinely grant injunctive relief in copyright cases where liability is established and there is a threat of continuing infringement." *Supplement Mfg. Partner, Inc. v. Healthy Again, LLC*, 2023 WL 5278110, at *5 (E.D.N.Y. Aug. 16, 2023) (quoting *Wareka v. Dryluxe LLC*, 2022 WL 2467544, at *3 (E.D.N.Y. Apr. 7, 2022)); *see also Gogo Apparel, Inc. v. Daruk Imports, Inc.*, 2020 WL 4274793, at *7 (S.D.N.Y. June 11, 2020), *report and recommendation adopted*, 2020 WL 4271694 (S.D.N.Y. July 23, 2020).

The four factors support an injunction here. First, the "threat of continuing violations, as demonstrated by [Defendant's] default, qualifies as irreparable harm under the *eBay* standard." *Streamlight, Inc. v. Gindi*, 2019 WL 6733022, at *8 n.9 (E.D.N.Y. Oct. 1, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 6726152 (E.D.N.Y. Dec. 11, 2019); *Ideavillage Prod. Corp. v. Bling Boutique Store*, 2018 WL 3559085, at *5 (S.D.N.Y. July 24, 2018) ("[T]he Defaulting Defendants' refusal to defend this action creates a threat that they will continue to infringe."). The threat of continuing infringement also "establishes the second required element." *Stokes*, 2023 WL 4447073, at *9 (quoting *Sadowski v. Yeshiva World News, LLC*, 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16, 2023)). Third, "Defendants, as the infringers,

11

cannot identify any hardships to weigh against Plaintiffs' hardships." *McGraw Hill*, 2022 WL 2979721, at *7; *see Greetings Tour, Inc. v. NY & Co Ecomm LLC*, 2023 WL 8235948, at *2 (S.D.N.Y. Nov. 28, 2023) ("[T]he balance of hardships weighs in favor of the Plaintiff, as the Defendant suffers no hardship by being prevented from infringing upon Plaintiff's copyright."). Finally, a permanent injunction enforcing Plaintiff's copyright would serve the public interest "as the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Sadowski*, 2023 WL 2707096, at *8 (quoting *Wareka v. Dryluxe LLC*, 2022 WL 2467544, at *4 (E.D.N.Y. Apr. 7, 2022)).

Because Plaintiff satisfies all four of the factors for a permanent injunction, the Court will issue injunctive relief. "However, while Plaintiff has demonstrated that a permanent injunction is warranted in this case, the language of the permanent injunction is far too broad." *Spin Master*, 463 F. Supp. 3d at 377. Plaintiff's proposed injunction would forbid Defendant from infringing on any "intellectual property right of Plaintiff." Dkt. No. 19-1 at 2. Such an injunction would not be "narrowly tailored," *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 259 (2d Cir. 2021) (quoting *Guthrie Healthcare System v. ContextMedia, Inc.*, 826 F.3d 27, 46 (2d Cir. 2016)), as it would "exceed[] the . . . infringement upon [Plaintiff's] rights," *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 300 (2d Cir. 1999), and "prohibit generally all unlawful activity," *Sterling Drug, Inc. v. Bayer AG*, 14 F.3d 733, 749 (2d Cir. 1994). Thus, the Court will instead issue an injunction proscribing future infringement exclusively as to the Photograph. *See Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 681 (S.D.N.Y. 2015).

## CONCLUSION

The motion for default judgment, Dkt. No. 18, is GRANTED.

Plaintiff is directed to file a proposed judgment consistent with this Memorandum and Order by December 13, 2023.

SO ORDERED.

Dated: December 4, 2023
      New York, New York

                                        LEWIS J. LIMAN
                                United States District Judge